UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY EUGENE LATHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01212-TWP-MJD |
| | ) |
| CHRISSY GUYTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendant Chrissy Guyton ("Sergeant Guyton") (Dkt. 27). *Pro se* Plaintiff Larry Latham ("Mr. Latham") initiated this action alleging Sergeant Guyton sprayed him in the face with a chemical while he was an inmate at Plainfield Correctional Facility. Mr. Latham has not responded to the pending Motion, and the time to do so has passed. Because the undisputed evidence shows that Sergeant Guyton did not violate Mr. Latham's constitutional rights, her Motion for Summary Judgment is **granted**, and this action is **dismissed with prejudice**.

**I.    STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.     FACTUAL BACKGROUND

As an initial matter, the Court notes that Sergeant Guyton met her burden of showing an absence of disputed evidence through her unopposed motion for summary judgment and supporting affidavit. (Dkts. 27-1, 28.) Because Mr. Latham did not respond, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary

judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

Mr. Latham's Complaint, (Dkt. 1), is sworn under penalty of perjury and therefore could function as "'the equivalent of an affidavit for summary judgment purposes.'" *Locke v. Haessig*, 788 F.3d 662, 665, n.1 (7th Cir. 2015) (quoting *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir.2013)). However, the Court has no obligation to treat Mr. Latham's Complaint as an affidavit given his failure to respond to the summary judgment motion. *See King v. Schieferdecker*, 498 F. App'x 576, 580 (7th Cir. 2012) ("King . . . maintains that the paragraphs in his complaint were sufficient to satisfy his obligation to submit a factual statement opposing summary judgment. But he ignores that a district court has broad discretion to enforce strictly its local rules governing summary judgment.").[1] For purposes of summary judgment, the factual record comes from Sergeant Guyton's affidavit, (Dkt. 27-1), and the Court will consider the verified allegations in Mr. Latham's Complaint. The Court also views and recites the facts in the light most favorable to Mr. Latham as the non-movant. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

On February 6, 2021, Sergeant Guyton instructed inmates in Mr. Latham's housing unit to stay away from their bunks while she cleaned the area. (Dkt 27-1 at ¶¶ 4, 5, 8.) She sprayed the area with a mixture of hand soap and water. *Id.* at ¶¶ 6–7. After Sergeant Guyton began spraying, Mr. Latham ran toward his bunk to retrieve something. *Id.* at ¶¶ 9–10. Before Mr. Latham had time to get out of the way, the spray hit Mr. Latham in the side of the face. *Id.* at ¶ 11, and (Dkt,

---

[1] *See also McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (district judges may strictly enforce local summary judgment rules); S.D. Ind. L.R. 56-1(h) ("The court has no duty to search or consider any part of the record not specifically cited in the manner described in subdivision (e)."); Dkt 29 (notifying Mr. Latham of the consequences of not responding to the motion for summary judgment).

1 at 2). Another officer helped Mr. Latham to the medical unit. *Id.* at ¶ 14. The spray temporarily blinded Mr. Latham and Sergeant Guyton never apologized. (Dkt. 1 at 2).

### III. DISCUSSION

At screening, the Court identified a plausible Eighth Amendment claim against Sergeant Guyton. Mr. Latham's baseline allegations—that Sergeant Guyton sprayed him in the face with a chemical—suggested she may have used force against him in a manner violating the Eighth Amendment. Of course, the summary judgment evidence indicates that Sergeant Guyton sprayed Mr. Latham by accident when he ignored her order to stay away from the bunks, not as an intentional use of force. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests of safety." *Whitley v. Albers*, 475 F.S. 312, 319 (7th Cir. 1986). The mere accident illustrated by the record does not violate this standard.

If a jury doubted that Sergeant Guyton's conduct was accidental, it still would lack a basis for finding an Eighth Amendment Violation. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, an officer violates the Eighth Amendment by using force "maliciously and sadistically . . . to cause harm." *Id*. The officer must act with "obduracy and wantonness." *Whitley*, 475 F.3d at 319. The result of Sergeant Guyton's conduct was that Mr. Latham got soap and water on his face. This is not evidence from which a jury could infer malice, sadism, obduracy, or wantonness as required to find an Eighth Amendment violation.

Finally, Mr. Latham's allegations that Sergeant Guyton sprayed him with a chemical suggested that she could have violated the Eighth Amendment by "exhibiting 'deliberate indifference to a substantial risk of serious harm to an inmate.'" *Thomas v. Blackard*, 2 F.4th 716,

719 (7th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). However, the undisputed evidence before the Court is that the substance was soap and water and not a chemical. Without more evidence, no reasonable jury could find that the soap and water solution created "an excessive risk to the inmate's health and safety." *Id.* (cleaned up).

### IV.　CONCLUSION

Sergeant Guyton's Motion for Summary Judgment, Dkt. [27], is **GRANTED**. This action is **dismissed with prejudice**. The **Clerk is directed to enter final judgment**.

**SO ORDERED.**

Date: 4/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry Eugene Latham
812 West Bend Blvd.
Burleson, Texas  26028

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL'S OFFICE
brandyn.arnold@atg.in.gov

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com